# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30914

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2019

Lyle W. Cayce
Clerk

MICHAEL WILLIAMS,

        Plaintiff - Appellant

v.

TRINITY MEDICAL MANAGEMENT, L.L.C.; HYPERION SAFETY
SERVICES, L.L.C.,

        Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-353

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Michael Williams settled his personal injury lawsuit with Trinity
Medical Management and Hyperion Safety Services (collectively "Trinity").
The settlement agreement required Williams to "defend, indemnity [sic], and
hold harmless Trinity and Hyperion from and against any and all claims
arising out of this incident, including, but not limited to any contribution or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-30914

tort indemnity claims by U.S. Well Services, LLC and Inflection Energy, LLC." When U.S. Well Services filed a contract claim against Trinity in separate litigation arising out of the personal injury incident, Trinity sought indemnification from Williams. Williams sought a declaratory judgment in the district court that he was not required to indemnify Trinity. He argued that the indemnification clause could not be read to include indemnification for contract claims. Trinity filed a counterclaim and moved for summary judgment on its argument that the indemnification clause was valid and Williams was required to indemnify them. The district court granted Trinity's motion, finding that "any and all claims" meant "any and all claims," and Williams appealed.

We have reviewed the briefs, the applicable law, and relevant parts of the record, and heard oral argument. The district court committed no reversible error. The judgment is affirmed, essentially on the basis carefully explained by the district court in its 40-page July 18, 2018 Order.